Gibson, J.
The issue in this case is whether the plaintiff’s annual retirement allowance should be $4,000.18, as he contends, or $2,170.80, as computed by the defendant. The answer to the problem lies in the construction to be given the applicable statutory provisions.
Defendant computed the plaintiff’s annual retirement allowance in accordance with the terms of Section 3307.38, Revised Code, in effect at the time of plaintiff’s retirement, which read in pertinent part:
“A member * * * who has attained sixty years of age or who has thirty-six years of service credit, may apply for superannuation retirement as of the retirement date next following and on or after June 30, 1959, his retirement allowance shall consist of:
“ (A) An annuity having a reserve equal to the amount of the teacher’s accumulated contributions at that time;
“(B) A pension of equivalent amount;
“(C) An additional pension of forty dollars annually multiplied by the number of years of credit for prior and military service except for service credit purchased prior to June 25, 1945, as provided in section 3307.33 of the Revised Code, for which the additional pension shall be twenty-six and two-thirds dollars annually, multiplied by the number of years of such purchased service;
ÍÍ (J)) # #
“(E) When a member who has three or more years of *120 total service credit within the ten years immediately prior to retirement, or who is receiving a disability retirement allowance, retires on superannuation, and his allowance when computed as an annual single lifetime allowance as provided in division (A), (B), and (C) of this section less the additional pension for other than Ohio service credit purchased prior to June 25,194.5, and division (D) of sections 3307.38 and 3307.40, respectively, of the Eevised Code, based upon attained age sixty-five or thirty-five years of total Ohio service credit, is less than the greater of the amounts determined by multiplying his total Ohio service credit by seventy-two dollars, or by one and sixty-five hundredths per cent of his final average salary, then the allowance shall be increased to such greater amount.” (Emphasis added.)
The defendant concedes that plaintiff had the required 36 years of service credit when he applied for retirement after June 30, 1959, and that the six years of service credit in question was purchased prior to June 25, 1945. In the defendant’s view, however, only Ohio service credit may be used in determining whether the 35 years or more of service credit necessary for the annual single lifetime allowance provided by division (E) has been attained by a member, hence the plaintiff was credited with only 31 years of Ohio prior service. Further, since the plaintiff was 55 years of age at the time of his retirement, the defendant computed his adjusted annual single lifetime allowance at 60 per cent of that which he would have received had he been 65 years of age.
The method used by defendant in computing the plaintiff’s retirement allowance may be summarized as follows: 1.65% of final average salary ($6,552.20) ... .$108.111
(a) $108.111 X 31 years Ohio service X 60% ... .$2,010.84
PLUS
(b) 6 years of Kentucky service X $26.66 ...... 159.96
Total annual retirement allowance ....$2,170.80
The plaintiff contends that the six years of prior service credit purchased by him in 1941 should be counted as “Ohio service credit” within the meaning of Section 3307.38, Eevised Code, thereby giving him a total of 37 years of Ohio service *121 credit. If the purchased service credit is so treated, then the method which should be used in computing the retirement allowance to which he is entitled may be summarized as follows: 1.65% of final average salary ($6,552.20) ... .$108.111 $108.111 X 37 years (Ohio and Kentucky) X 100%. .$4,000.18
Total annual retirement allowance .....$4,000.18
Plaintiff’s contention that the six years of prior service credit which he purchased for $833.52 should be treated as Ohio service credit is based upon the terms of Section 7896-30, General Code, as it existed in 1941 (118 Ohio Laws, 104, 118). In pertinent part, Section 7896-30 read as follows:
(iAny member, in addition to service as a teacher as defined in this act, may claim credit for similar service as a teacher in the public day schools, in state universities, state normal schools, and other state institutions of a character similar to the state supported schools of Ohio in which membership in the retirement system is allowed, of another state of the United States or of any territory or possession of the United States and such service shall be treated by the retirement board as prior service and included in his prior service certificate as if it were prior service in the state of Ohio provided the teacher shall pay into the employers’ accumulation fund an amount equal to the full additional liability assumed by such fund on account of the crediting of such years of service rendered outside of the state. * * *” (Emphasis added.)
Clearly, under Section 7896-30, General Code, as quoted above, a member teacher was not required to purchase credit for teaching service in other states and territories, but he could do so if he so chose. When the plaintiff voluntarily paid to the retirement board the sum of $833.52, an amount equal to the full additional liability assumed by the employers’ accumulation fund in 1941 on account of the crediting of the six years of service outside of Ohio, he thereby accepted the state’s offer and the retirement board became obligated to treat his non-Ohio service as if it were prior Ohio service. The terms of the “Certificate of Prior Service” issued to him in 1941 by the retirement board is evidence that the board had the same understanding. In essence, plaintiff asserts that his purchase of out-of-state service credit created a contract right to hav* *122 such service treated as if it were prior Ohio service — -a right which the General Assembly may not limit without violating Section 28, Article II, Ohio Constitution, prohibiting “laws impairing the obligation of contracts.”
Particularly in view of the fact that the first indication of any intention to treat actual Ohio service and purchased service differently in the computation of pension benefits was in 1945 when the General Assembly amended Section 7896-35 (a), General Code (121 Ohio Laws, 207, 224), the majority of this court agrees with the plaintiff’s contention as to his contractual right to have purchased service treated as prior service in the state of Ohio. This conclusion is supported by the provision of Section 7896-31, General Code (Section 3307.34, Revised Code), that so long as membership in the State Teachers Retirement System of Ohio continues “a prior-service certificate shall be final and conclusive for retirement purposes as to such service.”
The defendant contends that, by his purchase of prior service credit in 1941, the plaintiff acquired only an annuity. In part, this contention is based upon the proviso of Section 7896-30 quoted above. As indicated already, this proviso merely fixed the price which a teacher member must pay for the purchase of prior service credit. In part, the defendant’s position is premised upon the statutory rule that a person acquires no vested right to pension until the pension is granted. Section 3307.711, Revised Code. In the opinion of the majority of the court, the cases cited regarding the vesting of pension rights are irrelevant in the instant case, because the failure of plaintiff to acquire a vested right to pension at the time of his purchase of non-Ohio service credits does not affect his contract right to have purchased service treated as if it were Ohio service.
True, plaintiff acquired no vested right to a pension in any particular amount when he purchased prior service credit in 1941. But, having paid the required consideration, he did acquire a contractual right to have the six years of prior service purchased treated as if it were prior service in Ohio. Thus, plaintiff was entitled in 1959 to pension benefits in such amount (whether more or less than he would have been entitled to had *123 lie retired in 1941) as the General Assembly then provided for those member teachers having 35 or more years of Ohio service credit at the time of retirement.

Judgment affirmed.

Zimmerman, Jones, O’Neill, Griffith and Herbert, JJ., concur.
Taet, C. J., dissents.
Jones, J., of the Seventh Appellate District, sitting by designation in the place and stead of Matthias, J.